IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SAHIM ALWAN, | : | |
| | : | |
| Petitioner, | : | CIVIL NO. 3:CV-05-0977 |
| | : | |
| v. | : | (JUDGE CAPUTO) |
| | : | |
| RONNIE R. HOLT, | : | |
| | : | |
| Respondent. | : | |

## M E M O R A N D U M

### I.      Introduction

Sahim Alwan, an inmate at the Schuylkill Federal Correctional Institution ("FCI-Schuylkill") in Minersville, Pennsylvania, commenced this action with a *pro se* petition for writ of habeas corpus filed pursuant to the provisions of 28 U.S.C. § 2241.  Petitioner has paid the required filing fee.  Named as Respondent is FCI-Schuylkill Warden Ronnie R. Holt.

### II.     Background

Petitioner states that he entered a guilty plea in the United States District Court for the Western District of New York on December 17, 2003. (Doc. 1 at 4.)  As a result of his plea to violation of 18 U.S.C. § 2339 (harboring or concealing terrorists), he was sentenced to serve a term of imprisonment of 114 months. (*Id.*)

Since Petitioner has been sentenced to a term of imprisonment which exceeds one (1) year, he is eligible for an award of good conduct time ("GCT") pursuant to the provisions of 18 U.S.C. § 3624(b).  His petition alleges that the BOP has implemented a policy which results in a miscalculation of GCT.  Petitioner claims the purported

miscalculation requires him to serve no less than 87.2 % of his sentence, as opposed to the 85% of his sentence which Congress intended in enacting the GCT legislation. For the reasons set forth below, the petition will be denied.

### III.     Discussion

#### A. Summary Dismissal of Petition

Habeas corpus petitions brought under both §2254 and § 2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1(b)). *See, e.g., Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979). Rule 4 provides in pertinent part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself . . . ." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.). *Accord Love v. Butler*, 952 F.2d 10, 15 (1st Cir. 1991). The *Allen* court also stated that "the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face." 424 F.2d at 141. The Petitioner has prepared all of his pleadings *pro se*, and this Court is mindful that "such petitions are to be liberally viewed with tolerance and forbearance." *Allen*, at 142. However, even the most liberal interpretation of the Petitioner's documents does not salvage this case.

### B. GCT Calculation

The statutory authority for awarding GCT to federal prisoners is set forth in 18 U.S.C. § 3624(b), which provides:

> a prisoner who is serving a term of imprisonment of more than one year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional regulations.

The BOP's interpretation of this statute appears in Program Statement 5880.28, which states that "54 days of GCT may be earned for each full year served on a sentence in excess of one year, with the GCT being prorated for the last partial year." *See* Doc. 7, Ex. 2 at 2-3. Thus, at the end of the first year and each full year thereafter, the BOP makes a determination whether, during that year, the prisoner has "displayed exemplary compliance with institutional regulations." (18 U.S.C. § 3624(b)(1)). If so, the BOP subtracts 54 days from the remainder of the term to be served, not from the year already served.

In the final year, the BOP cannot wait until the year's end for the prisoner's GCT determination. Consequently, the statute specifies that "credit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence." 18 U.S.C. § 3624(b)(1). Under this calculation, a prisoner is eligible to receive 0.148 (54/365) days of GCT for each day of incarceration, again subject to the "exemplary compliance" standard. 28 C.F.R. § 523.20. Petitioner claims that the BOP

3

interpretation of the phrase "term of imprisonment" in § 3624 is erroneous, and the phrase refers to the prisoner's sentence, rather than the time served.[1]

### 1.  Rule of Lenity

Petitioner initially claims that the rule of lenity mandates denial of the BOP's GCT calculation method.  (Doc. 1 at 21.)  "The rule of lenity ensures that the penal laws will be sufficiently clear, so that individuals do not accidentally run afoul of them and courts do not impose prohibitions greater than the legislature intended . . . The rule of lenity, however, does not prevent an agency from resolving statutory ambiguity through a valid regulation . . . To the extent that there is any ambiguity in section 3624(b), the BOP has resolved it through a reasonable interpretation, and the rule of lenity does not apply." *Pacheco-Camacho*, 272 F.3d 1266, at 1271-72 (9th Cir. 2001)(citations omitted).

### 2.  The BOP's Interpretation is Entitled to Deference

Petitioner also argues that the administrative interpretation at issue is not entitled to the deference established in *Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837 (1984).  One district court has adopted Petitioner's interpretation of the statute.  In *White v. Scibana*, 314 F.Supp.2d 834, 838 (W.D.Wisc. 2004)("White I"), the Western District of Wisconsin ruled that the BOP's GCT calculation method was invalid.  The district court held that computation of GCT should be based on a prisoner's sentence rather than the amount of time he has served.  However, the Court of Appeals for the Seventh Circuit

---

[1] The Court notes that Petitioner's argument is undermined by the statutory language of 18 U.S.C. § 3624(b)(1), which includes both the phrase "term of imprisonment" and the word "sentence."

subsequently reversed *White I*, holding that the BOP's interpretation of the statute which awards credit for each year served in prison rather than each year of the sentence imposed was entitled to deference. *White v. Scibana*, 390 F.3d 997, 1001 (7th Cir. 2004)("White II"). Consequently, Petitioner's reliance on *White I* is inappropriate.

Furthermore, I recently addressed the GCT issue and rejected the analysis of *White I*. In *Aliotta v. Lappin*, No. 3:CV-05-0690, slip op. (M.D. Pa. May 12, 2005)(Caputo, J.), I sustained the BOP's interpretation of § 3624(b). Moreover, at least four other Judges of this district have reached contrary conclusions to *White I*. Chief Judge Vanaskie of this Court reached a similar determination in *Hill v. Nash*, No. 3:CV-02-1022, slip op. at 3 (M.D. Pa. Jan. 30, 2003)(Vanaskie, C.J.), *aff'd*, No 03-1392, slip op. (3d Cir. Aug 29, 2003)(per curiam). More recently, in *Robinson v. Nash,* No. 3:CV-04-1585, slip op. (M.D. Pa. Nov. 8, 2004)(Conaboy, J.), *Lopez v. Williamson*, No. 1:CV-04-2390, slip op. (M.D. Pa. Dec. 14, 2004)(Jones, J.), and *Hamilton v. Holt,* No. 1:CV-04-2264, slip op. (M.D. Pa. Jan. 4, 2005)(Rambo, J.), Judges Conaboy, Jones and Rambo concurred with the prior decision rendered by Judge Vanaskie. This approach has been upheld by the United States Court of Appeals for the Third Circuit. *O'Donald v. Johns*, 402 F.3d 172 (3d Cir. 2005).

Additionally, in *Loeffler v. Bureau of Prisons*, 2004 WL 2417805 *6 (S.D.N.Y. Oct. 29, 2004), the Southern District of New York similarly rejected the reasoning set forth in *White I*, concluding that "the statute enacted by Congress is simply silent on this point and gives no specific direction as to the GCT calculation. Accordingly, the Court has no choice but to defer to the BOP's interpretation . . . Because . . . 28 C.F.R. § 523.20 was adopted through the notice-and-comment procedure, it is entitled to the full deference mandated by

*Chevron U.S.A. Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837 [(1984)]." *Pacheco-Comacho v. Hood*, 272 F.3d at 1268.

Moreover, implementation of Petitioner's proposed method of calculation would require the BOP to continue to monitor his conduct for the full term of his sentence, notwithstanding early release for previously accrued GCT.  Such a result is at odds with the GCT scheme set forth in 18 U.S.C. § 3624(b).

## IV.     Conclusion

Based on a review of the present petition and *White II*, this Court concurs with the approach taken in *Hill*, *Robinson*, *Lopez, Hamilton* and *Loeffler,* and upheld in *O'Donald.*.  The Court concludes that the BOP's interpretation of § 3624(b) is "based on a permissible construction of the statute." *Chevron*, 467 U.S. at 843.  Since the BOP's method of computing GCT is neither arbitrary, capricious nor manifestly contrary to the statute, it cannot be rejected.  *See Firstland Int'l v. INS*, 377 F.3d 127, 131 (2d Cir. 2004).  An appropriate order follows.


Dated: May 24, 2005                    /s/ A. Richard Caputo
                                                   A. RICHARD CAPUTO
                                                   United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SAHIM ALWAN,** | : |
| **Petitioner,** | : **CIVIL NO. 3:CV-05-0977** |
| v. | : **(JUDGE CAPUTO)** |
| **RONNIE R. HOLT,** | : |
| **Respondent.** | : |

## O R D E R

**AND NOW, THIS 24th DAY OF MAY, 2005,** in accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus (Doc. 1) is **DENIED**.

2. The Clerk of Court is directed to close this case.

          /s/ A. Richard Caputo
          A. RICHARD CAPUTO
          United States District Judge